## 7679.  CAMPBELL v. ÆTNA LIFE INSURANCE COMPANY.

WADE, C. J.   Under the pleadings and the agreed statement of facts ap-
    pearing in the record, the court, sitting without the intervention of a
    jury, did not err in rendering judgment in favor of the defendant.
                *Judgment affirmed.   George and Luke, JJ., concur.*
            DECIDED JUNE 18, 1917.   REHEARING DENIED JUNE 27, 1917.

Action on insurance policy; from city court of Atlanta—Judge
Reid.   May 13, 1916.

The action was on a policy which insured against death by ac-
cident.   The defendant pleaded that under the terms of the policy
the insurance did not cover suicide, and that the insured com-
mitted suicide within the meaning of the policy.   The agreement
as to the facts included the following statement:   "The insured,
on November 19, 1914, discharged into his face and head a shot-
gun, and thus inflicted wounds which caused his death shortly
thereafter.   At the time he shot himself he was insane.   There was
no element of accident in the act, in that, had the insured been
sane at the time, the act would have been intentional and not ac-
cidental.   The insured did not appreciate the moral consequences
of the act of self-destruction.   He did appreciate the physical con-

sequence of such act." The policy provides as follows: "The Ætna Life Insurance Company, of Hartford, Conn. (hereinafter called the Company), in consideration of the agreements and statements in the schedule of warranties hereinafter contained, which statements the insured makes on the acceptance of this policy and warrants to be true, and which are made a part hereof, and of the premium of twelve dollars, does hereby insure under 'preferred' classification, and subject to all the provisions and conditions herein contained or endorsed hereon, the person described in the aforementioned schedule for a period of twelve months, from twelve o'clock noon (standard time) of the date this contract is dated, against the effect of bodily injury, provided affirmative proof shall be furnished the Company, within the limit of time hereinafter set forth, that such injury was caused solely and directly by external, violent, and accidental means, and was not in consequence of nor contributed to by intoxication, altercation, or any bodily or mental disease or infirmity of the insured, as follows, to wit: Part 1. If any of the following disabilities shall result solely from such injury within ninety days from the date of accident, the Company will pay in lieu of any other indemnity: For loss of life [a stated sum]. . . In witness whereof the Ætna Life Insurance Company, of Hartford, Conn., has caused these presents to be signed by its president and secretary," etc. The bill of exceptions states that "a provision and agreement . . as follows, 'This insurance shall not cover suicide, sane or insane,' . . is embraced in the following stipulations and conditions endorsed upon the original policy and following the face of the policy and preceding the 'schedule of warranties' in the policy as copied in the original petition, to wit: 'This policy is issued to and accepted by the insured subject to the following provisions and agreements;'" which are set out and which include the provision as to suicide, quoted above. The "schedule of warranties," referred to above, contains the following language: "Schedule of warranties made by Mr. W. J. Campbell (hereinafter called the insured). The issuance of this policy is based upon the following statement of facts, all of which I hereby warrant to be true and complete. I agree that any statements made by me to the agent or solicitor of this insurance shall not bind the company unless written hereon. . . I hereby agree that the application heretofore made by me and the war-

ranties contained herein, together with the premium paid by me, shall be the basis of this contract, which I accept subject to all of the conditions and provisions contained herein or indorsed hereon, which I understand can not be altered or changed by any agent of the Company." The policy was issued in 1904 and was continued from year to year.

It was contended on the part of the plaintiff that "the provision, 'This insurance shall not cover suicide, sane or insane,' did not become a part of the policy, so as to operate as an exception to or limitation of the risk insured;" that under section 2471 of the Civil Code of 1910, in order for such a provision to become a part of the policy, it must be contained in the face of the policy; that the language used in the face of this policy is not sufficient for that purpose; that if this provision was a part of the policy, the death of the insured "did not occur within the meaning thereof, it not being shown that at the time of death the insane assured intended to take his own life;" that the burden of showing this was upon the insurance company. These contentions and others are elaborated in the briefs of counsel.

*Payne & Jones*, for plaintiff.

*Anderson & Rountree, R. W. Crenshaw*, for defendant.